**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FELIPE ARREVALO GARCIA,<br><br>Defendant.<br>_____/ | CASE NO. CR-F-94-05006-001 LJO<br><br>**ORDER ON DEFENDANT'S 28 U.S.C. §2255 MOTION** |

## INTRODUCTION

Defendant Felipe Arrevalo Garcia ("Mr. Garcia") moved, pursuant to 28 U.S.C. §2255 ("Section 2255"), to vacate, set aside or correct his sentence. As the basis of his relief, Mr. Garcia relies on the Federal Prison Bureau Non-Violent Offender Relief Act of 2003 (the "Relief Act"), H.R. 3575, 108th Cong. (2003). For the reasons set forth below, this Court DENIES Mr. Garcia's motion.

## BACKGROUND

On April 24, 1995, Mr. Garcia was sentenced to 324 months in custody and 60 months supervised release for violation of 21 U.S.C. §841(a)(1) and 846 - conspiring to manufacture methamphetamine with intent to distribute, and violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2 - manufacturing and aiding and abetting the manufacture of a controlled substance. Mr. Garcia seeks early release under the Relief Act, which would amend title 18, United States Code, to provide an alternate

1

1  release date for certain nonviolent offenders. Mr. Garcia argues that he qualifies for relief under Relief
2  Act because (1) he is over 45 years of age; (2) has not been convicted of a violent crime; (3) has
3  completed over half of his sentence; and (4) has exhibited good behavior while serving his prison term.
4        Mr. Garcia filed this Section 2255 motion on June 14, 2011. Because the motion conclusively
5  shows that Mr. Garcia is not entitled to relief, this Court finds this motion suitable for a decision without
6  referral to the United States Attorney and without a hearing. *See* 28 U.S.C. §2255(b).

## DISCUSSION

8        Mr. Garcia moves to vacate, set aside or reduce his sentence pursuant to Section 2255. Section
9  2255 provides that a prisoner in custody may move the court which imposed his sentence to vacate, set
10 aside or correct the sentence **"upon the ground that the sentence was imposed in violation of** the
11 Constitution or **laws of the United States**." 28 U.S.C. §2255(a) (emphasis added). "Only where a
12 judgment was rendered without jurisdiction, the sentence imposed was not authorized by law, or there
13 was such a denial or infringement of the constitutional rights of the prisoner as to render the judgment
14 vulnerable to collateral attack, that a motion to vacate will lie under §2255." *Peoples v. United States*,
15 365 F.2d 284, 285 (10th Cir. 1966); *see also Jude v. United States*, 262 F.2d 117, 118 (10th Cir. 1958);
16 *Pulliam v. United States*, 178 F.2d 777, 778 (10th Cir. 1949).

17       Mr. Garcia fails to state a claim for relief pursuant to Section 2255. As set forth above, Mr.
18 Garcia must establish that he was sentenced in violation of the laws of the United States. Mr. Garcia
19 has failed to do so, because the Relief Act is not a "law of the United States."

20       According to the United States Constitution, Art. I, Sec. 7: "Every Bill which shall have passed
21 the House of Representatives, and the Senate, shall, before it becomes a Law, be presented to the
22 President of the United States; If he approve he shall sign it[.]" The Relief Act, sponsored by Rep.
23 Sheila Jackson-Lee [D-TX 18], was referred to the House Committee on the Judiciary on November 21,
24 2003 and subsequently referred to the Subcommittee on Crime, Terrorism, and Homeland Security on
25 December 10, 2003. No further action occurred. Although the bill has been reintroduced by Rep.
26 Jackson-Lee in subsequent Congressional sessions, the bill has never made it out of committee. *See*
27 H.R. 256, 109th Cong. (2005); H.R. 261, 110th Cong. (2007); H.R. 61, 111th Cong. (2009); H.R. 223,
28 112th Cong. (2011). The Relief Act was not passed by both houses of Congress, was not signed by the

President, and, therefore, never become a law. Accordingly, Mr. Garcia fails to state a claim pursuant to Section 2255.[1]

### CERTIFICATE OF APPEALABILITY

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in Section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when a defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983). In the absence of a COA, no appeal in a Section 2255 proceeding may be heard. 28 U.S.C. §2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny Mr. Garcia's collateral relief. *See Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate whether Mr. Garcia qualifies for relief pursuant to a bill that never became law. Accordingly, a certificate of appealability is improper and denied.

### CONCLUSION

Mr. Garcia moves to vacate, set aside or reduce his sentence pursuant to Section 2255. Because the legislation under which he seeks early release is not a "law of the United States," Mr. Garcia fails to establish that he is eligible for relief. Accordingly, Mr. Garcia's Section 2255 motion is DENIED. IT IS SO ORDERED.

**Dated:   June 24, 2011**               /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE

---

[1] Even if the Relief Act had become law, Mr. Garcia's claim would be barred by the one-year statute of limitations. *See* 28 U.S.C. §2255(f).