# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>FELIPE ARREVALO GARCIA,<br><br>    Defendant. | CASE NO. 1:94-CR-05006-(1)-LJO<br><br>ORDER DENYING DEFENDANT'S REQUEST FOR COUNSEL<br><br>(ECF NO. 239) |

Before the Court is Defendant Felipe Arrevalo Garcia *pro se* request for counsel, filed July 5, 2016 (ECF No. 239). Defendant raises issues related to *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), and appears to ask the Court to appoint counsel to aid him in a potential § 2255 motion. The Court will not construe Defendant's request for counsel as a motion made pursuant to Title 28, United States Code, Section 2255.

There exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner,* 105 F.3d 453, 460 (9th Cir.1996). Yet, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." *See* Rule 8(c) of the Rules Governing § 2255 Proceedings, 28 U.S.C. foll. § 2255. Where, as here, a defendant does not and cannot demonstrate that the residual clause of § 924(e)(2)(B)(ii) was a factor in his sentence, having been convicted of offenses under criminal statutes that do not contain language even remotely similar to that contained in § 924(e)(2)(B)(ii), neither *Johnson* nor *Welch* applies. Therefore, the Court does not find that the interests of justice would be served by the appointment of counsel. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Felipe Arrevalo Garcia's request for appointment of counsel (ECF No. 239) is **DENIED**.
IT IS SO ORDERED.

Dated:   **July 26, 2016**            /s/ Lawrence J. O'Neill
                                       UNITED STATES CHIEF DISTRICT JUDGE